IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

          v.

ONE (1) 27' CENTER CONSOLE VESSEL (PR-2881BB/ EL CADILLAC) and TWO (2) OUTBOARD HONDA 150 HP ENGINES,

    **Defendants** *in Rem.*

CIVIL NO. 24-1566 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

    Pending before the Court is a Motion to Dismiss filed by Claimant Humberto Silva-Maldonado ("Silva") seeking dismissal of the Verified Complaint for Forfeiture *in Rem* ("Complaint") filed by the United States of America ("Government"). Docket No. 9. The Government brought the Complaint against One (1) 27' Center Console Vessel (PR-2881BB/ El Cadillac) and Two (2) Outboard Honda 150 HP Engines (collectively the "Vessel") pursuant to 19 U.S.C. § 1703. Docket No. 1. For the following reasons, the Motion to Dismiss is hereby **DENIED**.

## STANDARD OF REVIEW

    Under Rule G(8)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), a claimant with standing in a civil forfeiture case may move to dismiss an action for lack of jurisdiction or failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). *See* Supp. R. G(8)(b)(i). To survive dismissal under this standard, a forfeiture complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."

CIVIL NO. 24-1566 (JAG)                                                                                    2

Supp. R. G(2)(f). In a civil forfeiture trial, the government's burden is to establish by a preponderance of evidence that the property is subject to forfeiture. *Id.* at G(c)(3). Although the pleading standard under Supplemental Rule G(2)(f) differs from the one under Fed. R. Civ. P. 8, "a court can logically reference the caselaw from the latter and incorporate instructive principles from those cases when assessing a civil forfeiture pleading." *United States v. $20,000 in U.S. Currency*, 589 F. Supp. 3d 240, 251-52 (D.P.R. 2022) (cleaned up). Thus, when considering a motion to dismiss a civil forfeiture pleading, the Court must accept as true all well-pleaded factual allegations in a complaint and draw all reasonable inferences in the government's favor. *See id.; Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012).

Generally, the Court cannot "consider any documents that are outside of [the Government's] [C]omplaint, or not expressly incorporated therein, unless [Claimant's] motion is converted into one for summary judgment." *O'Rourke v. Hampshire Council of Gov'ts*, 121 F. Supp. 3d. 264, 276 (1st Cir. 2015) (cleaned up). Yet, under some "narrow exceptions," the Court may consider some extrinsic documents without converting a motion to dismiss into a motion for summary judgement. *See id.* These narrow exceptions are "documents the authenticity of which are not disputed by the parties; official public records; documents central to plaintiff's claim; [and] documents sufficiently referred to in the complaint." *Id.* (cleaned up). Accordingly, the Court shall consider (1) the Registration of the Vessel, Docket No. 9-1; (2) Claimant's Petition for Remission, Docket No. 9-2; and (3) the Unsworn Declaration by the Department of Homeland Security Special Agent, Nicole Osterman, Docket No. 3.[1]

---

[1] The authenticity of these extrinsic documents is not disputed, the documents are integral to the arguments asserted by the Parties, and the Unsworn Declaration by the Department of Homeland Security Special Agent, Nicole Osterman, is specifically referenced in the Government's Complaint. Likewise,

CIVIL NO. 24-1566 (JAG)                                                                 3

Likewise, a civil forfeiture complaint can be supported with an affidavit that details the factual allegations underlying its claims "as long as the affidavit, even if first filed under seal, is made available to the claimant during the pendency of the matter." *$20,000 in U.S. Currency*, 589 F. Supp. 3d at 252 (citation omitted). Thus, "an unsworn declaration has like force and effect to an affidavit if the writer declares in writing under penalty of perjury that it is true and correct." *Id.* (cleaned up).

## ANALYSIS

I.    **Standing in Civil Forfeiture Claims**

The Government contends that Silva has failed to show standing. Docket No. 12 at 6-8. The Court disagrees.

"Standing is a threshold question in civil forfeiture cases." *United States v. Letter from Alexander Hamilton to Marquis De Lafayette Dated July 21, 1780* ("*Letter from Alexander Hamilton*"), 15 F.4th 515, 520 (1st Cir. 2021) (citation omitted). Thus, a claimant must have both constitutional and statutory standing to challenge a complaint. Constitutional standing is established by demonstrating "a legal ownership or possessory interest that would support an injury in fact." *Id.* at 521. Statutory standing is established "through compliance with the procedures and deadlines for filing a claim set out in Supplemental Rule G" and 18 U.S.C. § 983(a)(4) ("section 983"). *Id.*; *United States v. $29,373.00 in U.S. Currency*, 86 F. Supp. 3d 95, 101 (D.P.R. 2025).

---

Nicole Osterman declared in writing under penalty of perjury that the factual allegations are true and correct. Docket No. 3 at 1.

CIVIL NO. 24-1566 (JAG)                                                                    4

The Government first argues that Silva lacks constitutional standing because he failed to establish ownership. Docket No. 12 at 6-7. However, the requirements at the initial intervention stage are forgiving because "any colorable claim on defendant property suffices." *Letter from Alexander Hamilton*, 15 F.4th at 521 (citation omitted). As a result, "[a]n allegation of ownership, coupled with some evidence of ownership, is sufficient to establish constitutional standing to contest a forfeiture." *United States v. $8,440,190.00 in U.S. Currency*, 719 F.3d 49, 58 (1st Cir. 2013) (citation omitted). Here, Silva sufficiently alleges ownership and provides evidence of ownership through a (1) declaration under penalty of perjury, Docket No. 9 at 7-8, and (2) a copy of the Vessel registration, Docket No. 9-1. Thus, the Court finds that Silva has established constitutional standing.

The Government also asserts that Silva lacks statutory standing because he did not file a verified claim. Docket No. 12 at 7. The Court disagrees. Under the Supplemental Rules, a verified claim must "(A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D)." Supp. R. G(5)(a)(i). The claim must be filed within 30 days from the date of service of the government's forfeiture complaint or from the date of the final publication notice. 18 U.S.C. § 983(a)(4)(A). Here, Silva filed a Verified Claim as an attachment to his Motion to Dismiss. Docket No. 9 at 7. That claim specifically lists the properties at issue, represents Silva as the registered owner, and identifies his interest in the properties. Docket No. 9 at 7. Additionally, Silva signed the claim under penalty of perjury, and the claim was served on the government attorney. Docket No. 9 at 8. Moreover, the claim was timely because it was filed on April 21, 2025, and the

CIVIL NO. 24-1566 (JAG)                                                                 5

Government had neither served process on Silva nor published public notice as of that date. Docket No. 12 at 5, 7.

The Court, nevertheless, must consider another provision of Supplemental Rule G in its statutory standing analysis. Under Supplemental Rule G(5), when the government files a forfeiture complaint while in possession, custody, or control of the property but subsequently fails to send direct notice to potential claimants or publish public notice, a claimant must file his or her claim within 60 days after the filing of the complaint. Supp. R. G(5)(a)(ii)(C)(1). A court may excuse a claimant's failure to adhere to this filing deadline if it finds good cause for doing so. *See id.* at G(5)(a)(ii). The Court considers the following factors to determine whether good cause exists:

> (1) the claimant, in good faith, attempted to file a claim on time or inform the government of his interest; (2) the claimant relied to his detriment on misinformation from a government source; (3) the claimant actively pursued his interest in the seized property and expended considerable resources preparing the case for trial; (4) the claimant was acting pro se; (5) the government itself failed to follow the proper procedures; and (6) the excuse or extension would not prejudice the government.

*United States v. $48,000 U.C. Currency*, 2007 WL 1467158 (E.D. La. 2007) (citation omitted); *cf. United States v. $80,760.00 in U.S. Currency*, 781 F. Supp. 462, 469 (N.D. Tex. 1991) (providing the same mitigating factors for Supplemental Rule C(6)).

Here, the Government failed to publish public notice or send direct notice to Silva until after he had filed his claim, but Silva did not file his claim within the 60-day deadline. Docket No. 9; *see* Docket No. 12; *infra* at 7. However, the Court finds good cause to excuse Silva's delay because he has shown that he diligently pursued his interest in the Vessel and, in good faith, attempted to file the claim on time. *See* Docket No. 9 at 2-3. Additionally, Silva did not learn of the filing of the

CIVIL NO. 24-1566 (JAG)                                                                 6

Complaint until February 12, 2025, 3 days after the 60-day deadline lapsed, through an electronic

communication from an Assistant United States Attorney. *Id.* Moreover, there is nothing to

indicate that a finding of good cause would prejudice the Government. And lastly, the Court finds

concerning that the Government did not provide notice to Silva within 60 days from the filing of

the Complaint knowing that Silva was a potential claimant because Silva, in active pursuit of his

interest, had filed a Petition for Remission in September 2024, prior to the filing of the Complaint.

*Id.* at 2-3.

The Government also contends that Silva lacks statutory standing because he has not

answered the Complaint. This argument fails. Within 21 days of the filing of a verified claim, a

claimant must file an answer to the government's forfeiture complaint. 18 U.S.C. § 983(a)(4)(b).

However, Fed. R. Civ. P. 12(a)(4) suspends the time to file an answer when a Rule 12(b) motion

has been timely filed. Here, Silva filed his verified claim at the same time as his motion to dismiss,

which is a responsive pleading. As such, Silva need not file an answer until the Court has

adjudicated the motion to dismiss. The cases cited by the Government do not support the

proposition that a verified claim must first be filed before a motion to dismiss, nor does the Court

find any basis to require such a strict rule. Thus, Silva has established statutory standing.

**II.    Notice of Complaint in Civil Forfeiture Cases**

Silva contends that the Court lacks jurisdiction to entertain the pending action because

the Government failed to send him direct notice within 60 days after filing the Complaint as

required by Supplemental Rule G.[2] Docket No. 9 at 4. The Court disagrees.

---

[2] Silva also cites section 983(a)(1)(A)(i), but this statutory provision only applies to administrative
proceedings. 18 U.S.C. § 983(a)(1)(A)(i) ("In any *nonjudicial* civil forfeiture proceeding . . . the Government

CIVIL NO. 24-1566 (JAG)                                                                 7

For a judgment of forfeiture to be entered, the government must first publish notice of the
action within a reasonable time after filing a complaint. Supp. R. G(4)(a)(i). Supplemental Rule
G(4)(b)(i) also requires the government to "send notice of the action and a copy of the complaint
to any person who reasonably appears to be a potential claimant on the facts known to the
government." *Id.* at G(4)(b)(i). Direct notice must be sent "no later than 30 days after final
publication of newspaper notice or legal notice under Rule G(4)(a) or not later than 60 days after
the first day of publication on an official internet government forfeiture site." *See id.* at G(4)(b)(i),
(5)(a)(ii)(B). However, a "claimant who had actual notice of a forfeiture action may not oppose
or seek relief from forfeiture because of the government's failure to send the required notice." *Id.*
at G(4)(b)(v). And although serving a warrant of arrest would constitute a written direct notice,
the warrant of arrest does not need to be done "as soon as practicable . . . [if] the property is in the
government's possession, custody, or control." *Id.* at G(3)(c)(ii)(A).

As to public notice, Silva does not point the Court to any case that defines "reasonable
time" within the meaning of Supplemental Rule G(4)(a)(i). The record here clearly shows that
notice was not published or directly sent to Silva or his attorney before he filed his verified claim.
Docket No. 12 at 7. However, while the Government filed both the warrant for arrest of the Vessel
and the instant Complaint on December 9, 2024, the Court did not issue the warrant until April
25, 2025. Docket No. 11. The Government published notice of the forfeiture on an official internet
government forfeiture site from April 29, 2025, to May 28, 2025. Docket No. 17. As such, the Court
finds that the Government published notice within a reasonable time. Similarly, because the

---

[must] send written notice to interested parties . . . [no] more than 60 days after the date of seizure.")
(emphasis added). Thus, this argument is inapplicable to the case at hand.

CIVIL NO. 24-1566 (JAG)                                                                      8

warrant for arrest was not issued until April 25, 2025, the Government's direct notice to Silva on

May 8, 2025 satisfies the requirements under Supplemental Rule G(4)-(5). Lastly, Silva obtained

actual notice of the Complaint on February 12, 2025, well before the issuance of the warrant,

publishing of notice, and sending of direct notice, Docket No. 9 at 3, and thus he cannot challenge

the forfeiture because of the Government's failure to send direct notice under Supplemental Rule

G(4)(b)(v).

> Accordingly, Silva's Motion to Dismiss for lack of jurisdiction due to the Government's
failure to provide notice is **DENIED**.

III. **Fourth Amendment and Nexus between Vessel and Unlawful Activity[3]**

> In requesting dismissal of the forfeiture action, Silva first contends that the Government
(1) has not established that it had probable cause to seize the Vessel, in violation of the Fourth
Amendment; and (2) has not sufficiently alleged specific unlawful conduct by the Claimant or the
operators of the Vessel, nor has the Government filed criminal charges related to the seizing of the
Vessel. Docket No. 9 at 4. The Court disagrees on both points.

> Since the adoption of the Civil Asset Forfeiture Act of 2000 ("CAFRA"), 18 U.S.C. § 983,
the government's burden of proof at trial increased from "mere probable cause (the old standard)
to the preponderance of the evidence." *United States v. Lopez-Burgos*, 435 F.3d 1, 2 (1st Cir. 2006)
(citing 18 U.S.C. § 983(c)(1)). Before CAFRA, case law required the government to plead sufficient

---

[3] Silva asserts conclusively the innocent-owner defense, arguing that the Vessel should be returned to him
because he had no knowledge of any illegal use regarding the vessel and there is a lack of drug trafficking
evidence. Docket No. 9 at 5. However, the Court considers this argument waived because "issues adverted
to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed
waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court
to do counsel's work, create the ossature for the argument, and put flesh on its bones." *United States v.
Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).

CIVIL NO. 24-1566 (JAG)                                                                                         9

facts to establish probable cause that the property was subject to forfeiture, but CAFRA made it clear that this pleading requirement no longer applies. *See id.* Rather, CAFRA provides that pleadings do not need to establish probable cause, stating that "no civil forfeiture complaint may be dismissed because the government lacked sufficient evidence of forfeitability at the time of filing . . . and that the government may use evidence gathered after filing to meet its burden of proof." *Id.* (citing 18 U.S.C. § 983(a)(3)(D), (c)(2)). Consequently, the Government's pleadings need only satisfy Supplemental Rule G(2)(f) by stating "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."

When the government asserts that the property was involved in or used to commit or facilitate a criminal offense, the government must establish that a substantial connection exists between the property and the offense. 18 U.S.C. § 983(c)(3). However, this provision applies to the burden of proof at trial. A motion to dismiss deals with the sufficiency of the pleadings, not the burden of proof at trial. *Medina-Rodríguez v. $3,072,266.59 in U.S. Currency*, 471 F. Supp. 3d 465, 481 (D.P.R. 2020) (citation omitted). Nevertheless, the government "may not seize and continue to hold property upon conclusory allegations that the defendant property is forfeitable." *United States v. $1,3999,313.74 in U.S. Currency*, 591 F. Supp. 2d 365, 369 (S.D.N.Y. 2008) (citation omitted).

In the instant case, the Complaint incorporates the factual allegations in the Unsworn Declaration by a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations. Docket No. 3. This declaration alleges that the Vessel is outfitted with colors that make it difficult to detect at night, and that the United States Customs and Border Protection ("CBP") observed the vessel picking up fuel cans at a known drug point after its initial inspection. Docket No. 3 at 4, 6. The declaration also alleges that CBP observed a passenger onboard the Vessel throw multiple bags overboard when intercepting the Vessel a

CIVIL NO. 24-1566 (JAG)                                                              10

second time and that, after taking custody of the Vessel, a narcotics detention canine alerted to

the presence of the odor of drugs. *Id.* Additionally, the declaration notes that two operators of the

Vessel had previously been convicted for conspiracy to possess with intent to distribute narcotics.

*Id.* at 3. And lastly, the declaration also notes that the operator of the Vessel was on probation for

drug related charges and was not permitted to travel to St. Thomas, which is where the Vessel

was traveling from when it was intercepted. *Id.*

      The Complaint here cannot be dismissed on the grounds that the Government did not

have adequate evidence to establish the forfeitability of the Vessel when the complaint was filed

pursuant to 18 U.S.C. § 983(a)(3)(D). The Court finds that the Complaint provides sufficiently

detailed facts to support a reasonable belief that the Government could establish a substantial

connection between the Vessel and a drug-related offense. Although there are currently no

criminal charges filed against Silva or the operators of the Vessel, which would need to be proven

beyond a reasonable doubt, the allegations in the unsworn declaration provide a reasonable belief

that the Government may prove by a preponderance of the evidence that the Vessel was used or

intended to be used for drug trafficking operations.

      Thus, Silva's Motion to Dismiss due to a Fourth Amendment violation and for failure to

establish the nexus requirement is **DENIED**.

## IV.    Unreasonable Delay

      Silva's second argument is that the Government's failure to promptly resolve the forfeiture

action, coupled with the lack of any adjudication or criminal proceeding related to the Vessel,

violates his due process rights under the Fifth Amendment. Docket No. 9 at 4-5. The Court is not

persuaded.

CIVIL NO. 24-1566 (JAG)                                                                                    11

To determine whether a delay in a civil forfeiture action violates a claimant's due process rights, courts must apply the test developed in *Barker v. Wingo*, 407 U.S. 514 (1987). *See United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 564-70 (1983) (adopting *Barker* test to assess Fifth Amendment right against deprivation of property without due process). The *Barker* test requires weighing four factors: "[l]ength of delay, the reason for the delay, the [claimant]'s assertion of his right, and prejudice to the [claimant]." *Barker*, 407 U.S. at 530. Courts must also consider whether delays after the filing of a forfeiture complaint violate due process. *$20,000 in U.S. Currency*, 589 F. Supp. 3d at 260 (noting that "[t]he First Circuit Court of Appeals clarified . . . that delays after filing a complaint, where there is no prejudice to the claimant, do not violate due process.") (citing *United States v. Zorrilla-Echevarría*, 672 F.3d 1, 12 (1st Cir. 2011)). When determining whether the claimant has been prejudiced by the delay, "[t]he primary inquiry here is whether the delay has hampered the claimant in presenting a defense on the merits, through, for example, the loss of witnesses or other important evidence." *$8,850*, 461 U.S. at 569.

Here, the Court finds no delay in the filing of the Complaint. Irrespective of whether Silva's Petition of Remission constitutes a verified claim under Supplemental Rule G and section 983, the Government filed its complaint on December 9, 2024, which is no later than 90 days after Silva filed his Petition on September 25, 2024. 18 U.S.C. § 983(a)(3)(A); Docket No. 9 at 2. As to any post-filing delay, while the Government did not provide direct notice or publish public notice until five months after filing its Complaint, it did so within one month of the Court issuing the warrant for arrest. Docket No. 12 at 5, 7. Therefore, the first factor weighs in the Government's favor. However, the Government has failed to provide a reason for the delay and has not indicated

CIVIL NO. 24-1566 (JAG)                                                          12

that it has or will commence any criminal proceedings connected to the Vessel. As such, the

second factor weighs in favor of Silva. Similarly, the third factor weighs in favor of Silva because

he has diligently pursued his interest in the Vessel since its seizure. *See generally* Docket Nos. 9; 9-

2; 9-3. And with the fourth factor, Silva has neither provided nor alleged how this delay has

hampered his ability to present a defense on the merits. Consequently, the fourth factor weighs

heavily against Silva. Thus, weighing the factors under the *Baker* test, the Court finds that there

was no unreasonable delay and no prejudice to Claimant. Thus, there was no violation of his Fifth

Amendment due process rights. Accordingly, the request for dismissal based on a Fifth

Amendment violation is **DENIED.**

## V.    Eight Amendment Excess Fines Clause

Silva's third argument is that the Government's forfeiture of the Vessel is punitive in

nature, violating the Excessive Fines Clause of the Eighth Amendment. Docket. No. 9 at 5.  The

Court finds this argument premature. A claimant is allowed

> to seek to mitigate a forfeiture under the Excessive Fines Clause of
> the Eighth Amendment by motion for summary judgment or by
> motion made after entry of a forfeiture judgment if: (i) the claimant
> has pleaded the defense under Rule 8; and (ii) the parties have had
> the opportunity to conduct civil discovery on the defense.

Supp. R. G(8)(e). Given that civil discovery has not yet occurred, it would be premature to dismiss

the Complaint based on Silva's Eighth Amendment violation argument. Thus, Silva's Motion to

Dismiss due to a violation of the Excessive Fines Clause is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion to Dismiss. **Answer to**

**Complaint due by Monday, April 6, 2026.**

**CIVIL NO.** 24-1566 (JAG)                                                                 13

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Thursday, March 05, 2026.


s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge